UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY G. SPARKS,

        Plaintiff,

v.                                          Case No. 8:20-cv-3074-SCB-TGW

MEDTRONIC, INC. and
COVIDEN LP,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion to Dismiss. (Doc. No. 21). Plaintiff opposes the motion. (Doc. No. 22). As explained below, the Court grants the motion but also grants Plaintiff leave to amend.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in his amended complaint (Doc. No. 18): Plaintiff Rodney G. Sparks had hernia repair surgery on January 19, 2018. Defendants Medtronic, Inc. and Coviden LP manufacture a product known as Coviden Pro Grip Self-Gripping Polyester Mesh ("the Mesh"), which was used during Plaintiff's surgery.  On January 20, 2019, Plaintiff bent over to look under a vanity to locate a leak, and when he stood back up, he felt a sharp pain in his right side.  As a result of Plaintiff doing this normal activity, the Mesh malfunctioned,

and Plaintiff developed a second hernia.  Plaintiff had a second hernia surgery on February 20, 2019.

Based on the above facts, Plaintiff filed his amended complaint, in which he asserts a claim of strict product liability against each of the defendants. Specifically, he contends that they are strictly liable for a manufacturing defect in the Mesh.  He further alleges that: (1) the Mesh implanted in Plaintiff was in substantially the same condition as it was when it was sold by Defendants; (2) the Mesh implanted in Plaintiff was different from its intended design; (3) the Mesh implanted in Plaintiff failed to perform as safely as the intended design would have performed; and (4) as a direct and proximate result of the manufacturing defect, Plaintiff suffered injury and was damaged.

### III.  Motion to Dismiss

In response to Plaintiff's amended complaint, Defendants move for dismissal, arguing that Plaintiff fails to sufficiently plead his strict liability claims. In order to properly plead his claims, Plaintiff must allege the following: "[1] the manufacturer's relationship to the product in question, [2] the defect and unreasonably dangerous condition of the product, and [3] the existence of the proximate causal connection between such condition and the [plaintiff's] injuries

or damages."[1]  West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80, 87 (Fla. 1976). Defendants argue that the claims should be dismissed, because Plaintiff fails to sufficiently identify a defect in the Mesh.[2]  The Court agrees with Defendants.

Plaintiff fails to identify a defect in the Mesh.  Instead, Plaintiff simply alleges that the Mesh malfunctioned.  Plaintiff, however, does not explain how the Mesh malfunctioned or what caused the malfunction; instead, he only alleges the result of the alleged malfunction—he suffered a second hernia.  As such, Plaintiff fails to sufficiently allege his manufacturing defect claims.  See Wright v. Howmedica Osteonics Corp., 2017 WL 9939182, at *2 (M.D. Fla. Nov. 21, 2017) (concluding that the plaintiff failed to state a manufacturing defect claim, because she simply alleged that the implanted medical device caused her pain without alleging facts identifying the device's defect or explaining how the device was defective).  Similarly, Plaintiff alleges that the Mesh that was implanted during his surgery was different from its intended design, but he provides no further explanation as to how his Mesh was different or defective.

---

[1] Florida's Standard Jury Instruction 403.15(d) provides that a plaintiff must prove: (1) the product was made differently than its intended design and thereby failed to perform as safely as intended; (2) the product reached the plaintiff without substantial change affecting the condition; and (3) that failure was a legal cause of the injury to the plaintiff.

[2] Defendants also argue that Plaintiff fails to sufficiently allege causation. The Court need not reach this argument, as it finds that the claims are not sufficiently pled due to Plaintiff's failure to sufficiently identify a defect in the Mesh.

4

Plaintiff argues that he is not required to identify the defect in the Mesh, because he has alleged that the Mesh malfunctioned during normal use, and therefore, he is entitled to a <u>Cassisi</u> inference. A <u>Cassisi</u> inference is a legal inference that may arise when a product malfunctions during normal operation; this legal inference allows the injured party to establish a prima facie case of a manufacturing defect for the jury's consideration. See <u>Cassisi v. Maytag Co.</u>, 396 So. 2d 1140, 1148 (Fla. 1st DCA 1981). However, as explained by one court:

> [N]ot every complication constitutes a "malfunction"—rather, a malfunction must be a failure that would not have occurred "but for" the existence of a manufacturing defect. In other words, the inference of a manufacturing defect arises only if an event occurs that, "based on the design of the [product], [ ] should not have [occurred]."

<u>Ocasio v. C.R. Bard, Inc.</u>, 2015 WL 3496062, at *8 (M.D. Fla. June 3, 2015) (internal citations omitted). Plaintiff has not alleged that the possibility of a second hernia was a risk that would not have existed but for a manufacturing defect in the Mesh. As such, Plaintiff has not sufficiently alleged his manufacturing defect claims.[3]

---

[3] The Court is not stating that by simply adding the allegation—that the possibility of a second hernia is not a risk inherent in the use of the Mesh as designed—will cure Plaintiff's pleading deficiency. Plaintiff has failed to cite any relevant case law in his three-and-a-half page opposition brief that addresses sufficiently pled manufacturing defect claims based on an implanted medical device. If Plaintiff amends his complaint and another motion to dismiss is filed directed at the sufficiency of his allegations, Plaintiff is directed to respond with citations to other similar cases to support his claims.

Based on the above, the Court dismisses Plaintiff's manufacturing defect claims without prejudice. The Court will grant Plaintiff leave to amend his complaint once more to fix the pleading deficiencies.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendants' Motion to Dismiss (Doc. No. 21) is **DISMISSED WITHOUT PREJUDICE**.

(2)   Plaintiff is granted leave to amend his complaint one more time and to file a second amended complaint by *April 29, 2021*. Failure to do so will result the Court closing this case without further notice.

DONE AND ORDERED at Tampa, Florida, this 15th day of April, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record